[Cite as *McCarthy v. Ohio Dept. of Transp., Dist. 8*, 2010-Ohio-4789.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MICHAEL J. MCCARTHY

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 8

Defendant

Case No. 2010-02090-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} On January 15, 2010, at approximately 5:30 a.m., plaintiff, Michael J. McCarthy, was traveling north on Interstate 75, "near Middletown, Oh" in a roadway construction area, when his 2004 Honda Odyssey minivan struck a pothole causing tire and wheel damage to the vehicle. Plaintiff contended his property damage was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in maintaining a hazardous roadway condition in a working construction area on Interstate 75 in Warren County. Plaintiff seeks damage recovery in the amount of $574.78, the cost of replacement parts and related repair expenses. The filing fee was paid.

{¶ 2} Defendant acknowledged the roadway area where plaintiff's incident occurred was located within the limits of a working construction project under the control of ODOT contractor John R. Jurgensen Company (Jurgensen). Defendant explained this particular project "dealt with grading, draining, paving with asphalt concrete on I-75, interchange reconstruction of SR 122 and bridge replacements at several locations in Warren County." According to defendant, the construction project limits "corresponds to

state mileposts 32.10 to 40.50" on Interstate 75 and plaintiff's incident occurred "around milepost 32.30," a location within the construction area limits. Defendant asserted that this particular construction project was under the control of Jurgensen and consequently ODOT had no responsibility for any damage or mishap on the roadway within the construction project limits. Defendant argued that Jurgensen, by contractual agreement, was responsible for maintaining the roadway within the construction zone. Therefore, ODOT contended that Jurgensen is the proper party defendant in this action. Defendant implied that all duties such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. Furthermore, defendant contended that plaintiff failed to introduce sufficient evidence to prove his damage was proximately caused by roadway conditions created by ODOT or its contractors. All construction work was to be performed in accordance with ODOT requirements and specifications and subject to ODOT approval. Also evidence has been submitted to establish that ODOT personnel were present on site conducting inspection activities.

{¶ 3} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 4} Defendant had the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976),

49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contentions that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with the particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

{¶ 5} Alternatively, defendant denied that neither ODOT nor Jurgensen had any notice of the particular pothole prior to plaintiff's property damage event. Defendant pointed out that ODOT records "indicate no calls or complaints were received regarding the pothole in question prior to Plaintiff McCarthy's incident." Defendant advised, "[i]t should be noted that this portion of I-75 has an average daily traffic volume of 72,000, however, no complaints were received (regarding a roadway defect) prior to plaintiff's alleged incident." Defendant contended plaintiff failed to offer any evidence of negligent roadway maintenance on the part of ODOT and failed to produce evidence to establish his property damage was attributable to conduct on either the part of ODOT or Jurgensen.

{¶ 6} Defendant submitted a copy of an e-mail from Jurgensen Project Manager, Jason Mudd, who recorded Jurgensen was notified of a pothole "on NB I-75 near SR-122" by the Ohio State Highway Patrol at approximately 9:00 p.m. on January 14, 2010. According to Mudd, that pothole was promptly patched by Jurgensen personnel, including himself, beginning at 9:45 p.m. Mudd noted that when the pothole was patched at 9:45 p.m. two lanes of traffic were closed "since the pothole was in the middle lane." Mudd stated, "[t]he hole was rather large, approximately 3.5 ft. x 28 ft." According to Mudd, the massive pothole "was excavated and cleaned out with a backhoe and cold patch material was put in so the road could be reopened." Mudd related the pothole had formed in an existing area of pavement not presently under

construction, and was completely repaired by 2:00 a.m. on January 15, 2010. Mudd pointed out Jurgensen employee "Ken Bolser was called at 6:00 a.m. informing him that the pothole (recurred)" and this time repairs were made by ODOT personnel using cold patch material. Mudd observed ODOT subsequently directed Jurgensen to close two lanes of traffic and repair the pothole with hot mix asphalt and these repairs were completed by 7:30 p.m. on January 15, 2010. Submitted time sheets for work performed in patching the pothole on the night of January 14, 2010 reflect that four tons of cold mix material were used to implement repairs.

{¶ 7} In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from an unreasonable risk of harm is the precise duty owed by ODOT to the traveling public under both normal traffic and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462.

{¶ 8} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶ 9} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. There is insufficient evidence ODOT or Jurgensen had actual notice the pothole had reformed prior to plaintiff's incident at 5:30 am. on January 15, 2010. Therefore, in order to recover plaintiff must produce evidence to prove constructive notice of the defect or negligent maintenance.

{¶ 10} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*.

{¶ 11} Generally, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶ 12} In order for there to be constructive notice, plaintiff must show sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD . Ordinarily size of a defect (pothole) is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. However, the massive size of a defect coupled with knowledge that the pothole presented a recurring problem is sufficient to prove constructive notice. *Fite v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2009-05757-AD, 2009-Ohio-7124.

{¶ 13} Additionally, plaintiff has produced evidence to infer defendant maintains the roadway negligently. *Denis*. Plaintiff's evidence submitted shows that the particular damage-causing pothole was formed when an existing patch deteriorated. This fact alone does not provide conclusive proof of negligent maintenance. A pothole patch that deteriorates in less than ten days is prima facie evidence of negligent maintenance. *Matala v. Ohio Department of Transportation*, 2003-01270-AD, 2003-Ohio-2618; *Schrock v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2005-02460-AD, 2005-Ohio-2479. Evidence has shown plaintiff's vehicle was damaged by a pothole that had been patched at 9.45 p.m. on January 14, 2010 and the repair patch had failed by 5:30 a.m. on January 15, 2010. The fact that the pothole plaintiff's car struck deteriorated in a time frame of less than five hours warrants application of the standard expressed in *Matala*; *Fisher v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-04869-AD, 2007-Ohio-5288; *Romes v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2008-01826-AD, 2008-Ohio-4624.

Defendant is liable to plaintiff for the damage claimed $574.78, plus the $25.00 filing fee which may be awarded as compensable costs pursuant to R.C. 2335.19. *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MICHAEL J. MCCARTHY

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 8

Defendant

Case No. 2010-02090-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $599.78, which includes the filing fee. Court costs are assessed against defendant.

DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Michael J. McCarthy
6468 Willow Bend Drive
Liberty Twp., Ohio  45011

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
Filed 6/8/10
Sent to S.C. reporter 10/1/10